791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BILL TINO, JAMES BALES, WILLIE J. KINLEY, TED STEVENS AND
CHARLES MOSLEY, Plaintiffs-Appellants,
v.
OTIE R. JONES, M. C. HAMBY, CLETE WEBB, BILL HENSLEY, NELLIE
HARRIS, AND O. D. PENNYCUFF, Defendants-Appellees.
 84-6107
 United States Court of Appeals, Sixth Circuit.
 4/2/86
 AFFIRMED
 
 1
 E.D.Tenn.
 
 ORDER
 
 2
 BEFORE: MARTIN and GUY, Circuit Judges; REED, District Judge*
 
 
 3
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument in not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 In this action brought under 42 U.S.C. Sec. 1983, plaintiffs seek injunctive and monetary relief from defendants for alleged deprivations of constitutional rights. Specifically, plaintiffs (inmates of the Morgan County Regional Correctional Facility, Wartburg, Tennessee) claim defendants (various officials and employees of the institution) violated certain due process and eighth amendment guarantees. The district court, after permitting amendment of the complaint, caused the action to be dismissed for failure to state a claim for relief. Plaintiffs have appealed. On appeal both sides have briefed the issues, plaintiffs proceeding without benefit of counsel.
 
 
 5
 Upon consideration, we affirm. The district court correctly noted that, of the six named defendants, only defendant Webb is alleged to have been directly responsible for the claimed constitutional deprivations. The remaining five were thus correctly dismissed. Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982). The eighth amendment claim consists of the plaintiffs' assertion that it amounts to cruel and unusual punishment to force them to work six days per week for a period of seven to ten hours per day. It is true that, under certain extreme conditions, prison work assignments may constitute cruel and unusual punishment. Woodall v. Partilla, 581 F.Supp. 1066, 1077 (N.D. Ill. 1984). In the instant cause, however, plaintiffs have failed to raise any claim of specific hardship in their working conditions. This action was properly dismissed. The remaining assertion, that plaintiffs have not been shown prison work regulations, does not raise a constitutional claim absent some allegation of real prejudice.
 
 
 6
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 7
 It is ORDERED that the final order of the district court be and it is hereby affirmed.
 
 
 
 *
 The Honorable Scott Reed, U.S. District Judge for the Eastern District of Kentucky, sitting by designation